IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-565-FL

MARGARET MITCHELL,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )                    ORDER
                                      )
HCL AMERICA, INC.,                    )
                                      )
            Defendant.                )


        This matter is before the court on defendant's motion to compel arbitration and stay

proceedings, made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4. The issues

raised have been briefed fully and are ripe for ruling. For the reasons and on the terms that follow,

the court grants defendant's motion.

## STATEMENT OF THE CASE

        Plaintiff filed this suit against defendant, her current employer, on October 23, 2015.

Plaintiff asserts six causes of action, including three federal statutory claims for disparate treatment

on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-2; disparate treatment on the basis of age, in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 623(a); and retaliation for engaging in protected activity,

in violation of both Title VII, 42 U.S.C. § 2000e-3, and the ADEA, 29 U.S.C. § 623(d). Plaintiff's

three remaining claims are asserted under North Carolina law and include: a statutory claim for

violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95–25.1 et seq., as well as

common law claims for fraud and negligent misrepresentation.

Defendant filed the instant motion on January 11, 2016. Defendant argues that plaintiff's employment contract obligates her to submit all of her claims to arbitration in Sunnyvale, California, where defendant is headquartered. This is so, defendant maintains, because plaintiff's employment contract contains a valid arbitration provision (the "arbitration provision"), which requires all but a select few disputes arising between the parties be submitted to and decided by an arbitrator.

Defendant also argues that the arbitration provision is conscionable under either the law of this forum, or the substantive law selected by the parties to govern plaintiff's employment contract, California law. Defendant first argues the court should determine the conscionablity of the arbitration provision by applying the law of this forum, where in North Carolina the existence of a contract, like the arbitration provision, is a procedural issue. Under that law, defendant argues, the arbitration provision plainly is conscionable. Defendant next argues that, even if the court were to apply California law, the substantive law selected by the parties, the arbitration provision is conscionable, or, in all events, that the relevant California law is preempted by the FAA.

Plaintiff opposes the motion on the ground that the arbitration provision is unconscionable. Relying on California law, plaintiff contends that the arbitration provision is both procedurally and substantively unconscionable. The arbitration provision is procedurally unconscionable, says plaintiff, because it is an adhesion contract. Further, plaintiff argues that the arbitration provision is substantively unconscionable in three ways. First, plaintiff contends that the arbitration provision is unconscionable because it lacks mutuality. In particular, plaintiff argues it is unconscionable because it exempts from arbitration certain claims related to her "undertakings," essentially claims related to intellectual property that are more likely to be brought by defendant. Second, plaintiff attacks that portion of the arbitration provision that incorporates by reference the Commercial

Arbitration Rules of the American Arbitration Association (the "AAA"), which require the parties to share equally the cost of arbitration. That "cost-splitting clause," plaintiff maintains, is unconscionable under California law because it requires her to bear a type of cost that she would not be required to bear if she were free to pursue her claims in court. Third, and finally, plaintiff argues that the arbitration provision's "arbitral forum selection clause," which operates as a "place and manner" restriction and compels her to arbitrate in California, is unconscionable, where it unfairly impedes her ability to pursue fully her various claims against defendant.

In any case, notwithstanding California law allowing the court to sever from the arbitration provision any unconscionable clause ancillary to the primary purpose of that provision, plaintiff suggests that the arbitration provision should be struck in its entirety. Considered together, plaintiff argues, those three objectionable clauses provide evidence that the arbitration provision is permeated with unconscionability. Put another way, plaintiff suggests that defendant drafted the arbitration provision to take advantage of her, the relatively weaker party. In support of her opposition, plaintiff relies on her own declaration. (Pl.'s Decl., DE 18-1).

## STATEMENT OF FACTS

Sometime prior to February 2011, defendant contacted plaintiff concerning a position in its employment insurance department, headquartered in Cary, North Carolina. (Pl.'s Decl. ¶¶2,5; Compl., DE 1, ¶¶7,10; see also Pl.'s Decl. ¶1). Plaintiff never met with defendant's representatives in person; nevertheless, defendant extended to her an offer of employment by letter dated February 18, 2011 (plaintiff's "Offer of Employment"). (Id. ¶3; Offer of Employment, DE 14-1).

Plaintiff's Offer of Employment contains two provisions that are relevant here. First, section 8, the arbitration provision, provides:

3

> Except for disputes arising under or in connection with the attached agreement called "Undertaking", all disputes arising under or in connection with this Agreement or concerning in any way employee's employment shall be submitted exclusively to arbitration in Sunnyvale, CA under the Commercial Arbitration Rules of the American Arbitration Association then in effect, and the decision of the arbitrator shall be final and binding upon the parties. Judgment upon the award rendered may be entered and enforced in any court having jurisdiction. The parties to this Agreement hereby waive their right to a trial by a jury of their peers.

(Id., 3 § 8).[1] The arbitration provision can be deconstructed into the three challenged clauses at issue in this case. First, that portion of the arbitration provision providing that "[e]xcept for disputes arising under or in connection with the attached agreement called 'Undertaking', all disputes arising under or in connection with this Agreement . . . shall be submitted exclusively to arbitration " is the "undertakings clause," which plaintiff attacks as lacking mutuality. Second, that portion of the arbitration provision providing that "all disputes arising under or in connection with this Agreement or concerning in any way employee's employment shall be submitted exclusively to arbitration . . . under the Commercial Arbitration Rules of the [AAA]" incorporates by reference the cost-splitting clause, which plaintiff attacks as requiring her to bear a type of cost nonexistent in litigation, namely the arbitrator's fee. Finally, that portion of the arbitration provision providing "all disputes arising under or in connection with this Agreement or concerning in any way employee's employment shall be submitted exclusively to arbitration in Sunnyvale, CA," is the arbitral forum selection clause, which plaintiff contends unfairly benefits defendant and denies her the opportunity to vindicate fully her claims.

In any case, plaintiff's Offer of Employment also includes a choice of law provision. In particular, section 9, titled "Miscellaneous," provides "This letter agreement shall be governed by

---

[1] The "Undertaking" agreement does not appear in the record.

4

and construed in accordance with [the] laws of California, as well as all the other laws as applicable to employees on non immigration work permits."  (Id. § 9).

Following receipt of her Offer of Employment, plaintiff objected to the arbitration provision. (Pl.'s Decl. ¶6).  However, defendant told her that the agreement was "standard" and that she either had to "take it or leave it."  (Id.).

Plaintiff accepted defendant's Offer of Employment and thereafter relocated to Cary, North Carolina, from Denver, Colorado.  (Pl.'s Decl. ¶2).  Shortly after plaintiff began her employment, defendant allegedly denied her a bonus to which she was entitled and passed her over for a promotion, which defendant awarded to a less-qualified male who was younger than 40.  In July 2013, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  Subsequently, defendant allegedly gave plaintiff an unwarranted, negative job performance review and reassigned her to a position performing less desirable work.  In December 2013, plaintiff filed a second charge with the EEOC, alleging retaliation.  The EEOC issued to plaintiff two notice of right to sue letters, one corresponding to each of her charges, on July 26, 2015.

## COURT'S DISCUSSION

A.    Standard of Review

A motion to compel arbitration is akin to a motion for summary judgment.  See Chorley Enters. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563–64 (4th Cir. 2015).  Therefore, such motions should be granted where an examination of the pleadings, affidavits, and other discovery materials properly before the court demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also

5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). Where a genuine dispute as to one or more material facts exists, however, the FAA requires a jury trial. Chorley, 807 F.3d at 563–64.

The party seeking to compel arbitration "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S.654, 655 (1962).

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast,

6

when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.     Motion to Compel Arbitration: 9 U.S.C. § 4

The FAA allows courts to compel arbitration where the parties are bound by a valid agreement to arbitrate.  In particular, § 4 provides, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order [compelling arbitration as provided for in the agreement]."  9 U.S.C. § 4.

When faced with a motion to compel arbitration, the court analyzes two gateway issues only. See Howsam v. Dean Witter Reyonlds, Inc., 537 U.S. 79, 83–84 (2006).  First, the court must determine whether "a valid agreement to arbitrate exists between the parties." Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999).  This inquiry is not confined to defects in contract formation, but also includes "such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; Hooters, 173 F.3d at 937; see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 627 (1985).  Where the court concludes there is an enforceable arbitration provision, the court next asks whether "the specific dispute falls within the substantive scope of that agreement." Hooters, 173 F.3d at 938.  In this case, it is undisputed that the second prong of the test is satisfied.  At issue here is whether the arbitration provision is valid, or whether it should be invalidated "upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

To determine whether the arbitration provision is valid, the court must apply both state law principles governing the formation of contracts and the federal substantive law of arbitrability.  Hill

7

v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005). "[S]tate law determines questions concerning the validity, revocability, or enforceability of contracts generally." Id.;[2] accord 9 U.S.C. § 2. The federal substantive law of arbitrability, by contrast, prevents federal courts from invalidating under the Act any arbitration agreement on the basis of "state laws applicable only to arbitration provisions." Doctor's Assocs. v. Casarotto, 517 U.S. 681, 686–88 (1996). To that end, the federal substantive law of arbitrability preempts state law where "state law prohibits outright the arbitration of a particular type of claim" or where state law is "applied in a fashion that disfavors arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 341 (2011).

      1.     Choice of Law

      The court first must resolve a dispute between the parties about the state law applicable to this case. On the one hand, defendant argues that North Carolina law applies, notwithstanding the fact that plaintiff's Offer of Employment contains a choice of law provision selecting California law to govern that agreement. In particular, defendant argues that, under the laws of this forum, the existence of a contract is a procedural issue to which North Carolina courts apply the state's own law. On the other hand, plaintiff argues that California law applies, by operation of the valid choice of law provision included in her Offer of Employment.

      In federal question cases with supplemental state law claims, the court applies the forum state's choice of law analysis absent an "overwhelming federal policy [that] requires [the court] to formulate a choice of law rule as a matter of independent federal judgment." Compliance Marine, Inc. v. Campbell (*In re* Merritt Dredging Co.), 839 F.2d 203, 206 (4th Cir. 1988) (applying South Carolina law in a bankruptcy proceeding; reconciling choice of law analysis in federal question

---

[2] Unless otherwise noted, all internal alterations, citations, and quotations are omitted.

cases with Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) and Klaxon Co. v. Stentor Elec. Mfg., 313 U.S. 487 (1941)); Baker v. Antwerpen Motorcars Ltd., 807 F. Supp. 2d 386, 388–89 & n.13 (D. Md. 2011) (applying Merritt Dredging to choice of law dispute arising under FAA). The court perceives no "overwhelming federal policy" in this case sufficient to justify deviation from the Merritt Dredging rule. Thus, the court applies North Carolina's choice of law rules.

Under North Carolina law "matters affecting the substantial rights of the parties are determined by lex loci, the law of the situs of the claim, and remedial or procedural rights are determined by lex fori, the law of the forum." Boudreau v. Baughman, 322 N.C. 331, 335 (1988). As applied to contracts, questions bearing on the parties' mutual assent are procedural issues; thus, their answers are fixed by North Carolina law. See Revels v. Miss Am. Org., 165 N.C. App. 181, 187 (2004). By contrast, where the court must "interpret, construe, or otherwise determine the validity" of an agreement, those inquiries are substantive and require analysis under the law of the claim's situs. Id.; accord King v. Bryant, 225 N.C. App. 340, 346 n.1 (2013); Sears Roebuck & Co. v. Avery, 163 N.C. App. 207, 210–13 (2004); Park v. Merrill Lynch, 159 N.C. App. 120, 122–23 (2003).

In North Carolina, the "situs" of a contract claim usually is "the state where the last act to make a binding contract occurred." Fortune Ins. Co. v. Owens, 351 N.C. 424, 428 (2000); accord Fast v. Gulley, 271 N.C. 208, 211 (1967). However, "[d]espite North Carolina's adherence to the presumptive rule of lex loci contractus, contracting parties in North Carolina are entitled to agree that a particular jurisdiction's substantive law will govern their contract, and such a provision will generally be given effect." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 602 (4th Cir. 2004). That choice will be denied the parties only where "the chosen state has no

9

substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." Id. (citing Restatement (Second) of Conflict of Laws, § 187).

In this case, the parties agree that a contract, specifically the arbitration provision, exists between them. However, they dispute whether that provision should be enforced on the ground of unconscionability. Unconscionability analysis requires the court to "determine the validity" of the arbitration provision and, thus, is a substantive issue, under North Carolina law. The parties have selected California law as governing the substantive contractual issues arising from plaintiff's Offer of Employment. That choice is reasonable, given that defendant is headquartered in California. Therefore, the court will apply California law to determine whether the arbitration provision is unconscionable.

2. Unconscionability under California Law

Under California law "unconscionability has both a procedural and a substantive element." Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 114 (2000); accord Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1280 (9th Cir. 2006) (en banc); A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486–87 (4th Dist. 1982). "Procedural" unconscionability focuses on "oppression" or "surprise" arising due to unequal bargaining power between the parties. Armendariz, 24 Cal. 4th at 114. By contrast, "substantive" unconscionability focuses on "overly harsh" or "one sided" results. Id.; see also A&M Produce, 135 Cal. App. 3d. at 487. Substantive unconscionability may exist even where the contract is "consistent with the reasonable expectations of the parties." Graham v. Scissor-Tail, Inc., 28 Cal. 3d 807, 820 (1981).

10

In all cases, both procedural and substantive unconscionability must be present before the court may invalidate a contract. See Armendariz, 24 Cal. 4th at 114; Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1533 (1st Dist. 1997). However, they need not be present to the same degree. Nagrampa, 469 F.3d at 1280; Amendariz, 24 Cal. 4th at 114. Rather, California courts employ a "sliding scale" analysis; "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Id.; accord Mercuro v. Super. Ct., 96 Cal. App. 4th 167, 175 (2d Dist. 2002).

a. Procedural Unconscionability

Plaintiff argues that the arbitration provision "exhibits a high degree of procedural unconscionability," where she "had no meaningful opportunity to negotiate [its] terms." (Pl.'s Resp. Br., DE 18, 7). In other words, according to plaintiff, the arbitration provision is procedurally unconscionable because it is an adhesion contract. In response, defendant does not meaningfully contest the fact that the arbitration provision was offered on a "take-it-or-leave-it" basis. Rather, defendant maintains that any procedural unconscionability in the arbitration provision is relatively minor in degree.[3] The court finds plaintiff's argument persuasive, to a certain extent. While the adhesive nature of the arbitration provision gives rise to a presumption of procedural unconscionability under California law, any procedural unconscionability is minor.

Procedural unconscionability analysis focuses on "oppression or surprise." Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 853 (1st Dist. 2001). Oppression occurs where there exists between the parties "an inequality of bargaining power that results in no real negotiation

---

[3]  In support of its argument, defendant relies on Merkin v. Vonage Am., Inc., __ F. App'x __, 2016 WL 775620 (9th Cir. Feb. 29, 2016) ("Merkin I"). However, on May 4, 2016, the Ninth Circuit superceded its opinion in Merkin I. See Merkin v. Vonage Am., Inc., __ F. App'x __, 2016 WL 2343240 (9th Cir. May 4, 2016). Accordingly, the court does not rely on Merkin I in its analysis.

and an absence of meaningful choice." Nagrampa, 469 F.3d at 1280. "[S]urprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." Id.

"The threshold inquiry in California's unconscionability analysis is whether the arbitration agreement is adhesive." Id. at 1281; accord Armendariz, 24 Cal. 4th at 113. A "contract of adhesion" is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Graham, 28 Cal. 3d at 817; accord Pokorny v. Quixtar, Inc., 601 F.3d 987, 996 (9th Cir. 2010). "Where [an] employee is facing an employer with overwhelming bargaining power who drafted the contract and presented it to the employee on a take-it-or-leave-it basis, the [arbitration provision] is procedurally unconscionable." Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 923 (9th Cir. 2013). Defendant presented the arbitration provision to plaintiff and afforded her no opportunity to negotiate its terms. (Pl.'s Decl. ¶6). As such, that provision is procedurally unconscionable.

Nevertheless, the court does not find a high degree of procedural unconscionability on the facts of this case. First, the facts do not demonstrate that defendant substantially oppressed plaintiff. Under California law, the court must conduct its unconscionability analysis in light of "[t]he business conditions under which the contract was formed" because those conditions "directly affect the parties' relative bargaining power, reasonable expectations, and the commercial reasonableness of the risk allocation as provided in the written agreement." A&M Produce, 135 Cal. App. 3d at 489. As a result, California courts rarely find a high degree of procedural unconscionability on the basis of an adhesion contract alone, except where the stronger party either pressures the weaker

party or otherwise engages in some degree of misconduct in securing the weaker party's assent. See, e.g., Fitz v. NCR Corp., 118 Cal. App. 4th 702, 722–23 (4th Dist. 2004) (holding arbitration provision procedurally unconscionable where arbitration provision was imposed on existing employee as condition of continued employment, giving employee one month to sign arbitration provision or risk losing job of 14 years); Mercuro, 96 Cal. App. 4th at 174–75 (holding contract highly procedurally unconscionable where defendant's employees told plaintiff he "did not have the option of not signing the agreement" if he wanted "to make a living," and that if he did not sign the agreement that defendant would drive him out of the industry).

Plaintiff's evidence does not portend such egregious conduct by defendant. Rather, plaintiff's evidence establishes that defendant "recruited" her because of her "substantial experience in the employment insurance industry," and thereafter declined to negotiate the terms of the arbitration provision. (Pl.'s Decl. ¶4). The fact defendant actively recruited plaintiff demonstrates at least some degree of leverage on her part, which weighs against a finding of high procedural unconscionability and substantial oppression. Moreover, even though plaintiff avers that she "objected to the arbitration [provision]," her evidence does not establish the full extent of her attempted negotiations with defendant. (See id. ¶6). To summarily conclude, on the current record, that plaintiff exercised no negotiating power in light of the fact defendant reached out to her on its own and because of her "substantial experience" in the relevant industry, would be to grant plaintiff an unwarranted inference.

In addition, recently, the Supreme Court has suggested that affording to adhesion contracts the presumption of procedural unconscionability may be inappropriate. See Concepcion, 563 U.S. at 346–47 ("[T]he times in which consumer contracts were anything other than adhesive are long

past.").   As such, the court finds no evidence that plaintiff was oppressed substantially by defendant's conduct.

Second, plaintiff has made no showing of surprise on the facts of this case.  The arbitration provision was prominently placed in a stand-alone provision of plaintiff's relatively brief Offer of Employment, and was written in plain language.  (See Offer of Employment). These factors weigh against a finding of surprise.  Moreover, although the arbitration provision incorporates by reference the "Undertaking" agreement, a document not in the record, it is undisputed that plaintiff received and had the opportunity to review that document before signing the arbitration provision.

In sum, the arbitration provision evidences a slight degree of procedural unconscionability given that it is an adhesion contract.  However, plaintiff's evidence fails to demonstrate a high, or even moderate degree of procedural unconscionability, as she contends.  Although defendant did offer plaintiff the arbitration provision on a take-it-or-leave-it basis, there is no evidence defendant exerted substantial pressure to obtain plaintiff's assent.  Moreover, there is no evidence that plaintiff was surprised by the arbitration provision's contents.  Because the arbitration provision is at least minimally procedurally unconscionable, however, the court must undertake a substantive unconscionability analysis.

> b.      Substantive Unconscionability

Plaintiff attacks specifically three clauses as substantively unconscionable.  First, plaintiff contends that the undertakings clause, which exempts from arbitration claims arising from the "Undertaking" agreement, is unconscionable for a lack of mutuality, because it is a de facto carve out of intellectual property claims, and such claims disproportionately will be brought by defendant. Second, plaintiff argues that the cost-splitting clause is substantively unconscionable, where it

requires her to bear a type of cost arising from arbitration that is foreign to litigation. Third, plaintiff argues that the arbitral forum selection clause is an unconscionable "place and manner" restriction on her ability to arbitrate employment-related disputes, where it compels her to arbitrate in a forum disproportionately favorable to defendant.

California law analyzes substantive unconscionability on a clause by clause basis and allows the court to sever any unconscionable clauses in appropriate circumstances. See Pokorny, 601 F.3d at 1005; Capili v. Finish Line, Inc., 116 F. Supp. 3d 1000, 1008 (N.D. Cal. 2015). Thus, the remainder of the court's analysis proceeds in three steps. First, in the remainder of this section, the court considers separately the substantive unconscionability of each of the challenged clauses. Second, in the next section, the court considers whether the rule or rules rendering unconscionable any of the challenged clauses is preempted by the FAA. Third, in a final section, the court considers whether any of the unconscionable clauses are severable to the extent the FAA does not preempt the unconscionability of any of those challenged clauses.

i.  Undertakings Clause

The clause exempting from arbitration plaintiff's undertakings is substantively unconscionable for a lack of mutuality, insofar as it allows defendant to litigate intellectual property claims. Under California law, an arbitration agreement is unconscionable if it does not contain at least a "modicum of bilaterality." Pokorny, 601 F.3d at 998. "Although parties are free to contract for asymmetrical remedies and arbitration clauses of varying scope . . . the doctrine of unconscionability limits the extent to which a stronger party may, through a contract of adhesion, impose the arbitration forum on the weaker party without accepting that forum for itself." Armendariz, 24 Cal. 4th at 118. Thus, although "arbitration clauses may be limited to a specific

subject or subjects," Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC, 55 Cal. 4th 223, 248 (2012), the relatively stronger party may not force the relatively weaker party to arbitrate her claims while reserving the courtroom for itself.  Nagrampa, 469 F.3d at 1285.

Although sufficient to support a finding of unconscionability, see e.g., Monex Deposit Co. v. Gilliam, 671 F. Supp. 2d 1137, 1148 (C.D. Cal. 2009), it is not necessary that the stronger party categorically exempt from arbitration any claim it may bring.  See, e.g., Mercuro, 96 Cal. App. 4th at 175–77 (holding arbitration provision substantively unconscionable where it "compel[ed] arbitration of the claims employees are more likely to bring").  Rather, an arbitration agreement may be substantively unconscionable under California law where "it compels arbitration of the claims more likely to be brought by . . . the weaker party but exempts from arbitration the types of claims that are more likely to be brought by [the stronger party]."  Fitz, 118 Cal. App. 4th at 725; accord Meyer v. T-Mobile USA, Inc., 836 F. Supp. 2d 994, 1003 (N.D. Cal. 2011).

Nevertheless, arbitration provisions exempting from the arbitral forum claims more likely to be brought by the stronger party are not unconscionable in all situations.  For example, and as relevant here, an arbitration provision contained in an employment contract is not unconscionable where the employer has a legitimate "business justification" for exempting from arbitration certain claims.  See Nagrampa, 469 F.3d at 1286–87; O'Hare v. Mun. Res. Consultants, 107 Cal. App. 4th 267, 273 (2d Dist. 2003).  However, "to constitute a reasonable business justification, the justification must be something other than the employer's desire to maximize its advantage based on the perceived superiority of the judicial forum."  Nagrampa, 469 F.3d at 1286.

In this case, these principles render substantively unconscionable the undertakings clause. It is undisputed that the "Undertaking" agreement exempted from arbitration claims related to

16

intellectual property.[4]  Claims meant to enforce trade secret protection and settle intellectual property disputes are precisely the type more likely to be brought by a stronger employer against a comparatively weaker employee.  See Fitz, 118 Cal. App. 4th at 724–25; Mercuro, 96 Cal. App. 4th at 176.  Moreover, defendant has not offered any legitimate business justification to save the undertakings clause.  Thus, the undertakings clause lacks the necessary "modicum of bilaterality" and is substantively unconscionable.

ii.  Cost-Splitting Clause

The cost-splitting clause is substantively unconscionable under California law.  That provision incorporates the AAA's Commercial Arbitration Rules, which provide in relevant part:

> The expenses of witnesses for either side shall be paid by the party producing such witnesses.  All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, 22, R-54 (2013), available at http://www.adr.org/commercial (last visited May 31, 2016).  In other words, the arbitration provision requires the parties to share equally the cost of the arbitrator, unless the arbitrator orders otherwise.

Under California law, it is unconscionable "to require an employee who is the subject of a mandatory employment arbitration agreement to have to pay the costs of arbitration."  Armendariz,

---

[4] Plaintiff also contends the "Undertaking" agreement contained a "confidentiality" clause, which she argues is substantively unconscionable.  However, because plaintiff "has the burden of proving the facts of any defense to enforceability [of the arbitration provision]," such as unconscionability, and because plaintiff has failed to prove the contents of the "Undertaking" agreement, the court need not consider this argument.  Chin v. Advanced Fresh Concepts Franchise Corp., 194 Cal. App. 4th 704, 708 (2d Dist. 2011); accord Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1148–49 (2013).

24 Cal. 4th at 107 (citing Cole v. Burns Int'l Sec. Servs., 105 F.3d 1465 (D.C. Cir. 1997)) (holding claims are non-arbitrable as a matter of law if weaker employee was required to pay costs unique to arbitration); accord Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 893–95 (9th Cir. 2002); Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1076 (2003). Because the arbitration provision incorporates the AAA's Commercial Arbitration Rules, which require the parties to share equally the costs of arbitration, including the cost of the arbitrator, the cost-splitting clause is substantively unconscionable.

### iii.    Arbitral Forum Selection Clause

The arbitral forum selection clause is substantively unconscionable under California law. As an initial matter, the analysis with regard to an arbitral forum selection clause is different than that engaged in when evaluating a stand-alone forum selection clause. Federal procedural law governs the enforceability of a stand-alone forum selection clause. See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010) ("As an agreement purporting to modify or waive the venue of a federal court, a forum selection clause implicates what is recognized as a procedural matter governed by federal law—the proper venue of the court."); see also Atl. Marine Constr. Co. v. U.S. Dist. Ct., __ U.S. __, 134 S. Ct. 568, 581–82 (2013) (holding forum selection clause generally waives plaintiff's venue privilege). By contrast, when a forum selection clause is embedded exclusively within an arbitration provision the court must evaluate its enforceability through the lens of state contract law. See Sam Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 680–81 (5th Cir. 1976) (holding arbitral forum selection clause governed only by the FAA); Spring Hope Rockwool, Inc. v. Indus. Clean Air, Inc., 504 F. Supp. 1385, 1389 (E.D.N.C. 1981) (same).

18

Under California law, arbitral forum selection clauses that impose on the weaker party a "place and manner" restriction generally are enforceable. See Smith, Valentino & Smith, Inc. v. Super. Ct., 17 Cal. 3d 491, 495 (1976); see also Nagrampa, 469 F.3d at 1287. However, a place and manner restriction may be substantively unconscionable where it is "unduly oppressive" or effectively shields the stronger party from liability. See id.; Bolter v. Super. Ct., 87 Cal. App. 4th 900, 909–10 (4th Dist. 2001). When considering whether an arbitral forum selection clause is substantively unconscionable, the court must consider "the respective circumstances of the parties." Id. at 909.

Applying California contract law renders substantively unconscionable the arbitral forum selection clause. The record in this case shows that defendant unilaterally drafted and imposed the arbitral forum selection clause to require its employees to arbitrate in Sunnyvale, California, where its principal place of business is located. If the court were to enforce the place and manner restriction, it would compel plaintiff to abandon her work and submit to arbitration in a forum several thousand miles away. See id. Imposing that burden on plaintiff is rendered even more unreasonable in light of the fact defendant unilaterally selected as the arbitral forum California, despite requiring plaintiff to move from Colorado to North Carolina as a condition of her employment, and in light of the fact defendant does business in North Carolina. See Milliner v. Bock Evans Fin. Counsel, Ltd., 114 F. Supp. 3d 871, 880 (N.D. Cal. 2015) (holding unconscionable arbitral forum selection clause, selecting Denver, Colorado, as the arbitral forum, where both parties were located in California). Accordingly, the court holds substantively unconscionable the arbitral forum selection clause.

3.     Preemption under the FAA

Notwithstanding the above, defendant argues that the principles of California law that render unconscionable the undertakings clause, the cost-splitting clause, and the arbitral forum selection clause are preempted by the FAA where they stand as obstacles to the accomplishment of Congress's goals as embodied by that Act.  The FAA preempts state law where it either "prohibits outright the arbitration of a particular type of claim" or where, although "normally thought to be generally applicable," a doctrine is "applied in a fashion that disfavors arbitration."  Concepcion, 563 U.S. at 341.  This rule applies both to legislative enactments and judicially-created doctrines related to the enforcement of contracts.  See id.  In other words, under the federal substantive law of arbitrability "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms."  Id. at 339; Noohi v. Toll Bros., 708 F.3d 599, 606 (4th Cir. 2013).  It is appropriate to consider preemption at this stage, where California law renders unconscionable arbitration provisions on a clause by clause basis.  See Concepcion, 563 U.S. at 340–41 (holding preempted California rule rendering unconscionable class arbitration waivers).

Where a state law rule explicitly disfavors arbitration, it is invalid.  Preston v. Ferrer, 552 U.S. 346, 353 (2008).  However, where a facially neutral state law rule may disfavor arbitration in application, the court must undertake a two-step conflict preemption analysis.  See Concepcion, 563 U.S. at 341, 344–52.  First, the court must determine whether the rule at issue is "generally applicable" or whether it "disfavors arbitration."  Id. at 341.  The FAA provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Those grounds must be "generally applicable contract defenses" in order to avoid "contravening § 2."  Casarotto, 517 U.S. at 687.

20

Where a rule disfavors arbitration, the court then must determine whether it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" as embodied in the FAA. Concepcion, 563 U.S. at 352 (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)).

        a.      Undertakings Clause

Defendant argues that California law treats differently arbitration agreements, where courts have found them unconscionable simply because they exempt from arbitration claims more likely to be brought by a stronger party. See Fitz, 118 Cal. App. 4th at 724–25; Mercuro, 96 Cal. App. 4th at 176. Defendant's argument is unavailing.

Under California law, any contract that unfairly allocates risk to the weaker party is substantively unconscionable. An unfair allocation of risk evidences a lack of bilaterality or mutuality. See, e.g., Am. Software, Inc. v. Ali, 46 Cal. App. 4th 1386, 1390–91 (1st Dist. 1996) (holding that contract divesting former employee of commissions did not "represent an overly harsh allocation of risks which is not justified by the circumstances under which the contract was made"); A&M Produce, 135 Cal. App. 3d at 491–92 (holding express waiver of warranties unconscionable where the defendant "was in essence guarantying nothing about what the product would do" because the "risk of loss is most appropriately borne by the party best able to prevent its occurrence").

Although in practice the rule at issue more frequently may be invoked in disputes regarding the enforceability of arbitration agreements, that fact is not a sufficient basis on which to find it preempted. Rather, the FAA preempts a state law only where that law is tailored to impact unfairly arbitration agreements. Concepcion, 563 U.S. at 342. However, the substantive unconscionability of adhesive contracts that allocate risk to the weaker party is a general principle of California contract law. The rule does not "disfavor" arbitration as contemplated by Concepcion.

Moreover, the Fourth Circuit recently has affirmed the validity of a similar rule arising under Maryland law (the "Cheek rule"). See Noohi, 708 F.3d at 612–13. The Cheek rule "imposes a requirement on arbitration clauses (mutuality within the clause itself) that does not apply to other contract clauses." Id. at 612. Although the rule gave the court "pause," the court ultimately held it to be valid. Id.

> In a basic sense, the Cheek rule does single out an arbitration provision in a larger contract, and assess whether that provision binds both parties to arbitrate at least some claims. But on closer inspection, we are persuaded that all Cheek does is treat an arbitration provision like any stand-alone contract, requiring consideration. Lack of considerations is clearly a generally applicable contract defense. The Cheek rule does not bar the arbitration of entire categories of claims. Nor does it ignore an arbitration provision to gauge the enforceability of a different provision within the same contract.

> Moreover, we are not persuaded that Cheek disfavors arbitration; Cheek can just as readily be viewed as encouraging arbitration by requiring that both parties to an arbitration agreement bind themselves to arbitrate at least some categories of claims.

Id. at 612–13. Likewise, the California rule holding unconscionable contracts that unfairly allocate risk to a weaker party "treat[s] an arbitration provision like any stand-alone contract," requiring fair allocation of risk. Id. at 612. Relatedly, it also encourages arbitration. In particular, the rule requires both parties to "bind themselves to arbitrate at least some categories of claims." Id. at 613. Accordingly, the undertakings clause is unconscionable under the risk-allocation rule, and said rule is not preempted by the FAA.

### b.    Cost-Splitting Clause

Defendant next argues that the California rule rendering unconscionable the cost-splitting clause is preempted by the FAA. The court agrees.

Under California law it is "unlawful to require an employee who is the subject of a mandatory employment arbitration agreement to have to pay the costs of arbitration." Armendariz,

22

24 Cal. 4th at 107.  In particular, the employer generally cannot "require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." Id. at 110–11.  California courts have found provisions requiring an employee to bear any type of expense that she would not be required to bear in court per se unconscionable. See, e.g., Mercuro, 96 Cal. App. 4th at 181–82.

This rule clearly is preempted by the FAA.  It explicitly disfavors arbitration where it limits the parties' ability to contract for cost allocation, a rule not applied to contracts generally.  In any case, it also conflicts with the FAA's "principal purpose of ensuring that private arbitration agreements are enforced according to their terms." Volt Info. Scis., Inc. v. Bd of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989); accord Concepcion, 563 U.S. at 344.  In particular, it deprives the defendant employer of its legitimate, contract-based expectations.  Moreover, it shifts unfairly to the defendant employer the full cost of defending against even meritless claims.

In addition, the rule conflicts directly with the federal substantive law of arbitrability.  Under federal law the party seeking to invalidate a cost-splitting provision bears the "substantial burden of showing a likelihood of incurring prohibitive arbitration costs." Muriithi v. Shuttle Express, Inc., 712 F.3d 173, 181 (4th Cir. 2013); accord Atl. Textiles v. Avondale Inc. (In re Cotton Yarn Antitrust Litig.), 505 F.3d 274, 286–87 (4th Cir. 2007).  By contrast, the California rule invalidates automatically any clause requiring the parties to share the cost of arbitration.  Thus, the California law cannot stand in the face of the FAA, where it evidences a "preference for procedures that are incompatible with [the federal substantive law of arbitrability]." Concepcion, 563 U.S. at 343.

23

c.    Arbitral Forum Selection Clause

Defendant argues that the rule rendering substantively unconscionable the arbitral forum selection clause is preempted by the FAA. The court disagrees.

As stated earlier, California law allows courts in certain circumstances to strike as unconscionable arbitral forum selection clauses. Comb v. PayPal, Inc., 218 F. Supp. 2d 1165, 1177 (N.D. Cal. 2002). Notwithstanding the fact that this rule appears to invite the invalidation of arbitration agreements, it more properly embodies the same risk-allocation principal governing the court's discussion of the undertakings clause. In particular, California's rule forbidding oppressive arbitral forum selection clauses prevents the relatively stronger party from forcing unbargained-for risk on the relatively weaker party, in the form of an intentionally inconvenient forum. This risk-allocation principal is a facet of general California contract law, see, e.g., Ali, 46 Cal. App. 4th at 1390–91; A&M Produce, 135 Cal. App. 3d at 491–92, and thus is not preempted.

Defendant argues that previous decisions of this court conclusively establish that the FAA preempts California's risk-allocation rule as it relates to arbitral forum selection clauses. In particular, defendant highlights this court's decisions in U.S. ex rel. TGK Enterprises v. Clayco, Inc., 978 F. Supp. 2d 540 (E.D.N.C. 2013), and Aspen Spa Properties, LLC v. International Design Concepts, LLC, 527 F. Supp. 2d 469 (E.D.N.C. 2007). Both TGK and Aspen, however, are inapposite. In both cases the court held preempted N.C. Gen. Stat. § 22B–3, which provides in relevant part "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." § 22B–3. That statute imposes affirmative limitations specifically on agreements to arbitrate. The California rule allowing

24

courts to invalidate arbitral forum selection clauses, by contrast, is a manifestation of a risk-allocation rule applicable to all contracts governed by California law, and thus is not preempted.

4.     Severability

Under California law, the court has the discretion to either sever an unconscionable clause from the arbitration provision, or to refuse to enforce the arbitration provision in its entirety. <u>See</u> <u>Pokorny</u>, 601 F.3d at 1005. "In exercising this discretion, courts look to whether the central purpose of the contract is tainted with illegality or the illegality is collateral to its main purpose." <u>Ingle v.</u> <u>Circuit City Stores, Inc.</u>, 328 F.3d 1165, 1180 (9th Cir. 2003). However, if the arbitration provision is "permeated with objectionable [clauses]," representing an "insidious pattern" of unconscionability, the court should refuse to enforce the arbitration provision in its entirety, irrespective of how central or ancillary the objectionable clauses are to the overall purpose of the agreement. <u>See</u> <u>id.</u>; <u>Ferguson v. Countrywide Credit Indus.</u>, 298 F.3d 778, 786–87 (9th Cir. 2002). Where an arbitration provision contains multiple defects, the court properly may infer "a systematic effort to impose arbitration on [plaintiff], not simply as an alternative to litigation, but as an inferior forum that works to [defendant's] advantage." <u>Nagrampa</u>, 469 F.3d at 1293; <u>Armendariz</u>, 24 Cal. 4th at 124.

In this case, the court has identified only two objectionable clauses not preempted by the FAA, that clause allowing defendant to arbitrate claims related to plaintiff's undertakings, and that clause compelling plaintiff to arbitrate in Sunnyvale, California. The court finds these clauses collateral to the main purpose of the arbitration provision, to fairly and efficiently adjudicate disputes between defendant and its employees generally and plaintiff specifically. To be sure, both clauses unfairly give defendant the upper hand, with the undertakings clause excepting from

arbitration claims defendant is most likely to bring and the arbitral forum selection clause requiring employees to arbitrate in defendant's own back yard, notwithstanding the employee's location. Nevertheless, in light of the "liberal federal policy favoring arbitration agreements," Moses H. Cone, 460 U.S. 24, both clauses fairly can be excised from the arbitration provision without altering its fundamental character.

In any event, the court also does not find these two objectionable clauses to be evidence of an "insidious pattern" of unconscionable or objectionable clauses. Cf. Mohamed v. Uber Techs., 109 F. Supp. 3d 1185, 1223, 1230 (N.D. Cal. 2015) (holding arbitration agreement was "permeated with unconscionability" where court identified four unconscionable provisions). Although defendant did attempt to carve out from arbitration intellectual property claims and limit the arbitral forum, the arbitration provision contains none of the more egregious clauses common in cases where California courts have declined severance as a means to render conscionable an offending arbitration provision. For example, defendant has not included in the arbitration provision a unilateral modification clause, a confidentiality clause,[5] or other clause meant to limit plaintiff's recourse, such as affirmative discovery or damages limitations. See id. at 1226–30. Thus, the arbitration provision does not evidence defendant's intent to limit unfairly plaintiff's ability to pursue claims against it.

In sum, the court holds that plaintiff must submit to arbitration all claims now pending in this case. Nevertheless, the court further holds that compelling plaintiff to submit to arbitration those claims in Sunnyvale, California, consistent with the arbitral forum selection clause, would be unconscionable. Moreover, the court holds that the arbitration provision is unconscionable insofar as it exempts defendant from arbitrating claims arising from plaintiff's "undertakings."

---

[5] Again, although plaintiff maintains that such a confidentiality clause was included in the "Undertaking" agreement, plaintiff has failed to submit any evidence of that fact.

C.      Motion to Dismiss

Defendant also moves to dismiss the case.  Under the FAA, if any suit brought in the district court is referred to arbitration, the court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under . . . an [arbitration] agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."  Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709–10 (4th Cir. 2001); Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").  Here, the parties agree that, if the arbitration provision is enforceable, all plaintiff's claims fall within its scope.  Accordingly, where the court herein has found that provision to be valid and enforceable, on the terms outlined above, defendant's motion to dismiss will be granted.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to compel arbitration on the terms outlined above.  (DE 11).  The court DIRECTS plaintiff to submit to arbitration all claims at issue in this case.  Moreover, where all of plaintiff's claims are subject to arbitration, the court also GRANTS that portion of defendant's motion requesting dismissal, and this case is DISMISSED WITH PREJUDICE.  The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge